(No. 87-CC-3588– )

RONALD LOUIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 3, 1989.*
*Order filed February 24, 1993.*

RONALD LOUIS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (DIANN K. MARSELEK, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, J.

This cause comes on to be heard on the Respondent's

motion to dismiss, due notice having apparently been given and the Court being advised;

The Claimant, an inmate at a State penal institution, brought this claim seeking compensation for various items, including a stereo, which he alleges were lost due to the negligence of the Respondent.

The Respondent moved for dismissal of the claim on the grounds of fraud pursuant to section 14 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.14). It is the Respondent's position that the Claimant has attempted to perpetrate a fraud on this Court by submitting an altered sales slip as proof of the value of the stereo. In support of its motion, Respondent offered a copy of the decision of the Administrative Review Board to which the Claimant had previously submitted his claim. This document was described as a departmental report and offered as *prima facie* evidence pursuant to Rule 14 of the Court of Claims Regulations (74 Ill. Adm. Code 790.140).

The Respondent's motion is denied. Rule 14 (74 Ill. Adm. Code 790.140) only accords *prima facie* evidence status to *facts*. We will admit the copy of the decision of the Administrative Review Board for the limited purpose of showing the fact that the Claimant has exhausted his administrative remedies. Its relevance for any other purpose is not apparent at this time. We will not accept as *prima facie* evidence of the truth of the matter asserted the Board's observations, conclusions, or findings on issues of fact involving litigation before the Board.

That the Board observed that a sales slip was "very noticeably altered" is not relevant to the proceeding here. This Court is not an appeals body for the Board. Proceedings here in cases such as the one at bar are *de novo*. The

Claimant has not even tried to introduce the sales slip at issue. It is not in the record.

Motion denied.

## ORDER

FREDERICK, J.

This matter coming to be heard upon the motion of the Respondent, State of Illinois, *ex rel.* Department of Corrections, to dismiss this cause for want of prosecution, due notice having been given to the parties hereto, and the Court being fully advised in the premises, it is hereby ordered that the instant claim be dismissed for want of prosecution.